UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY LAMPKIN,

               Plaintiff,

       -against-

KAREN LUCAS FERIA; HON. JOHN P.
COLLINS; HON. LARRY J. SCHWARTZ;
HON. RACHEL E. TANGUAY; NEW YORK
STATE OFFICE OF TEMPORARY &
DISABILITY ASSISTANCE CHILD SUPPORT
SERVICES UNIT (OTDA/CSSU);
ROCKLAND COUNTY SUPPORT
COLLECTION UNIT (SCU); ORANGE
COUNTY SUPPORT COLLECTIVE UNIT
(SCU),

               Defendants.

26-CV-0822 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

     Plaintiff, an Arizona resident, brings this action *pro se* under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights in their child-support enforcement actions against him. . By order dated February 9, 2026, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint, with 45 days' leave to file an amended complaint..

**STANDARD OF REVIEW**

     The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not  accept as true "[t]hreadbare recitals of the elements of a cause of action,supported by mere conclusory statements." *Id*. at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –- not merely possible -– that the pleader is entitled to relief. *Id.* at 678.

**BACKGROUND**

The following facts are drawn from the complaint.[1]  Plaintiff states that he is "homeless and disabled and has been subjected to aggressive child support enforcement actions by Arizona and New York agencies without lawful adjustments/adjudication, valid service, or due process." (ECF No. 1, at 5.)  He explains that he has never been given an opportunity to contest paternity or court-imposed child support obligations.  (*Id*.)  Plaintiff alleges that "[d]espite the absence of lawful adjudication, Defendants initiated wage garnishments, tax refund intercepts, credit reporting, license actions, and collection proceedings against Plaintiff."  (*Id*. at 6.)  Plaintiff adds that the court-imposed wage withholding has exceeded the limits set forth in 15 U.S.C. § 1673. (*Id*.)

Plaintiff seeks monetary damages along with several forms of injunctive relief.  He requests that the Court "suspend and enjoin all child support enforcement actions, tax [refund] intercepts, license actions, collections, and wage garnishment" and "[o]rder DNA testing and prohibit further enforcement action void for lack of jurisdiction, due process, and valid court orders."  (*Id*.)  Plaintiff also asks the Court to order Defendants to produce all alleged court orders, service records, and payment ledgers."  (*Id*.)

**DISCUSSION**

**A.    Domestic Relations Abstention Doctrine**

To the extent that Plaintiff asks this Court, under its federal question jurisdiction, to determine that he does not have a current child support obligation, including any child support arrears, the Court must dismiss those claims.  Federal district courts must abstain from exercising

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

federal question jurisdiction over claims involving domestic relations issues, so long as those claims may be fully and fairly determined in the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court must abstain from exercising its federal question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted); *see also Deem v. DeMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("[T]he domestic relations *abstention* doctrine articulated in *American Airlines* [applies with respect to a federal court's federal question jurisdiction]."). Courts have held that this abstention doctrine applies "when a federal district court is asked, under its federal question jurisdiction, to determine child support or modify a previously determined child support amount set by a state court." *Goodwin v. Bronx Family Court*, No. 24-CV-4103 (LTS), 2024 WL 4168348, at *4 (S.D.N.Y. Sept. 9, 2024) (citing cases); *see also Williams v. Scott*, No. 24-CV-4719 (JMA) (JMW), 2025 WL 1371664, at *3-4 (E.D.N.Y. May 12, 2025) (quoting *Goodwin*, 2024 WL 4168348, at *4). "Indeed, [d]omestic relations is an area of law that federal courts and Congress leave almost exclusively to state law and state courts. This exception also extends to child support determinations and the enforcement thereof." *Williams v. Lafler*, No. 25-CV-4263 (GRB) (JMW), 2025 WL 2576678, at *3 (E.D.N.Y. Sept. 5, 2025) (citations and internal quotation marks omitted).

Plaintiff alleges that there were state-court proceedings resulting in garnishment of his wages, and he further alleges in conclusory fashion that he "has never been afforded a hearing to contest paternity [and] support obligations." (ECF No. 1, at 5.) Plaintiff does not provide sufficient facts to allow the Court to conclude that the state court cannot fully and fairly adjudicate those issues. *See Am. Airlines, Inc.*, 905 F.2d at 14. The Court therefore dismisses

Plaintiff's claims under federal law, except for his Fourteenth Amendment claim related to the state court's finding of paternity,[2] under the domestic relations abstention doctrine.

## B.    The *Younger* Abstention Doctrine

Because the Court has dismissed all claims other than Plaintiff's Section 1983 claim and any associated state-law claims[3] related to a state court's paternity determination, the Court must assess whether it can exercise jurisdiction over Plaintiff's request for injunctive relief which would intrude upon ongoing state-court enforcement actions that flow from the state court's previous paternity determination.  For the reasons explained below, the Court cannot do so.

---

[2] Some district courts in this circuit have held that a paternity dispute does not trigger the domestic relations exception and therefore may be litigable in federal court.  *See Tomas v. Gillespie*, 385 F. Supp. 2d 240, 243 (S.D.N.Y. 2005) ("Since the Supreme Court's limitation of the doctrine in *Ankenbrandt* [*v. Richards*, 504 U.S. 689 (1992)], the 'domestic relations' exception has not been applied to cases involving solely a declaration of paternity."); *Westover ex rel. Gray v. Durant*, 75 F. Supp. 2d 31, 34 (N.D.N.Y. 1999) ("Paternity has never been included within the scope of the domestic relations exception, perhaps because the exception relates to issues arising within the context of marriage while paternity does not necessarily."). Some Circuit courts have held the opposite. *See Kirby v. Mellenger*, 830 F.2d 176, 177–78 (11th Cir. 1987) ("As a general rule, the federal courts refuse to hear suits for 'divorce and alimony, child custody actions, disputes over visitation rights, *suits to establish paternity* and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification." (quoting *Crouch v. Crouch,* 566 F.2d 486, 487 (5th Cir. 1978)).  As explained in Sections B and C below, Plaintiff's challenges to paternity determinations are barred for reasons other than the domestic relations abstention doctrine.

[3] The Court construes these state-law claims as arising under the court's supplemental jurisdiction, 28 U.S.C. § 1367(a). Plaintiff does not provide facts sufficient to invoke the court's diversity jurisdiction, 28 U.S.C. § 1332. To establish diversity jurisdiction, a plaintiff must first allege that the plaintiff and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  Plaintiff provides information suggesting that several of the defendants are domiciled in New York, but he provides no information about Defendant Feria's domicile.  It is therefore unclear whether the parties are completely diverse, as would be required to support the court's exercise of its diversity jurisdiction.  In addition, a plaintiff seeking to proceed under the court's diversity jurisdiction must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).  If Plaintiff chooses to file an amended complaint and pursue claims under the court's diversity jurisdiction, he must set forth facts showing that the parties have complete diversity of citizenship.

To the extent that Plaintiff asks this Court to intervene in any paternity proceedings that are pending in a state court, including any request for DNA testing, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of this *Younger* abstention doctrine has been extended to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*"). The *Younger* abstention doctrine applies to claims for injunctive relief and declaratory relief sought in federal court that would cause that federal court to intervene in any of those types of state court proceedings. *See Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000).

Courts have held that pending paternity proceedings involve at least one of the circumstances mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied. *See Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 638-39 (1st Cir. 1996) (applying *Younger* abstention when a plaintiff requested that a federal court enjoin a state paternity proceeding); *Kitchens v. Bowen*, 825 F.2d 1337, 1341-42 (9th Cir. 1987) (holding that the *Younger* abstention doctrine applies to state court proceedings regarding paternity); *Collins v. County of San Diego DCSS*, No. 17-CV-2467 (MMA) (KSC), 2018 WL 1426970, at *2-3 (S.D. Cal. Mar. 22, 2018) (concluding that *Younger* abstention was appropriate in federal case seeking de-establishment of paternity); *Wolfe v. Missouri Dep't of Soc. Servs.*, No. 05-CV-5033 (SW)

(RED), 2006 WL 1382325, at *3 (W.D. Mo. May 17, 2006) (dismissing under the *Younger* abstention doctrine all claims challenging ongoing state-court paternity proceedings).

Inasmuch as Plaintiff asks this Court to intervene in his ongoing state court child support and paternity proceedings, he has not alleged any facts showing that bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to those proceedings. Thus, the Court dismisses any claims in which Plaintiff asks this Court to intervene in his ongoing state court paternity proceedings, under the *Younger* abstention doctrine.

**C.     The *Rooker-Feldman* Doctrine**

Plaintiff alternatively requests that this Court overturn a final order or judgment issued in his concluded state-court paternity proceedings. To the extent that the state court's paternity finding is final, however, the *Rooker-Feldman* doctrine requires the dismissal of his claim for such relief.

Under this doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Pursuant to the *Rooker-Feldman* doctrine circumstances that "preclude a United States district court from exercising subject-matter jurisdiction include when a litigant seeks relief that invites a federal district court to reject or overturn a final decision of a state court as to paternity. *See Edem v. Spitzer*, 204 F. App'x 95, 96 (2d Cir. 2006) (affirming dismissal, under the *Rooker-Feldman* doctrine, of federal court action challenging injuries caused by a state court's paternity determination); *Simmons v. NYS Dept of Soc. Servs.*, No. 19-CV-3633 (CM), 2019 WL 5810307, at *3 (S.D.N.Y. Nov. 5, 2019) ("This Court lacks jurisdiction to review and overturn state court decisions, including the acknowledgment of

paternity that is the basis for imposing child support, and the Court must therefore dismiss Plaintiff's challenge to the validity of the paternity order.").

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the litigant lost in state court; (2) the litigant complains of injuries caused by a final state court order or judgment; (3) the litigant invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (internal quotation marks and citation omitted). All of the circumstances barred by the *Rooker-Feldman* doctrine are present here: Plaintiff lost his state-court paternity proceedings, he complains of injuries in the form of child support obligations that were caused by state-court paternity determinations, and he invites this court to review and reject those final state-court orders, which were rendered before he filed this action. The *Rooker-Feldman* doctrine therefore bars this Court from granting Plaintiff such relief from those state-court paternity determinations. The Court therefore dismisses any of Plaintiff's claims challenging such final state-court paternity determinations and the injuries caused by those determinations, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

**D.     Leave to Amend is Granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any

8

indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Because Plaintiff may be able to allege additional facts to state a valid claim related to paternity, the Court grants Plaintiff 45 days' leave to amend his complaint to detail his paternity claims.  The amended complaint should address, among other things, the status of all pending and final paternity proceedings in state court and should clearly set forth any facts suggesting that he is prevented from pursuing his paternity claims in an appropriate state court.  To the extent that Plaintiff seeks to proceed under the Court's diversity jurisdiction, he must also set forth the domicile of every party and allege that the amount in controversy exceeds $75,000.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under the domestic relations abstention doctrine, under the *Younger* abstention doctrine, and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). Plaintiff has 45 days in which to file an amended complaint, to detail his paternity claims. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action. The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 4, 2026
          New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
 (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial            Last Name

_____

Street Address

_____

County, City                          State                  Zip Code

_____

Telephone Number                      Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                          Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                          Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                          Zip Code

Page 4

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State               Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:    _____

Date(s) of occurrence:    _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

---

---

---

---

---

---

---

---

---

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

---

---

---

---

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

---

---

---

---

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.